**United States District Court**
For the Northern District of California

1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10      UNITED STATES OF AMERICA,

11              Plaintiff,                              No. C 12-00634 WHA

12      v.

13      RICARDO GUTIERREZ,                              **ORDER RE ATTORNEY-CLIENT**
                                                        **PRIVILEGE**
14              Defendant.

15      _____/

16          In defendant's Section 2255 motion, he claims that his court-appointed counsel, Phillip

17   Vaughns, provided him with ineffective assistance of counsel when he allegedly advised

18   defendant to pursue a bench trial based on the necessity defense, rather than accept the

19   government's plea deal.  The government contacted Vaughns for a sworn declaration, but he

20   refused to provide one absent a finding by the Court that defendant waived his attorney-client

21   privilege by filing his Section 2255 motion (Dkt. No. 65).

22          Our court of appeals has held that when a defendant alleges ineffective assistance of

23   counsel and calls his attorney's advice and counsel into question, he has necessarily waived the

24   attorney-client privilege and a "court must impose a waiver [of the privilege] no broader than

25   needed to ensure the fairness of the proceedings before it . . . [but] the holder of the privilege

26   may preserve the confidentiality of the privileged communications by choosing to abandon the

27   claim that gives rise to the waiver condition." *Bittaker v. Woodford*, 331 F.3d 715, 716, 720 (9th

28   Cir. 2003); *United States v. Wang*, 2013 U.S. Dist. LEXIS 2886, at *1–2 (N.D. Cal. Jan. 7, 2013)

     (Judge Maxine Chesney).

United States District Court

For the Northern District of California

1     Thus, defendant may have until **JANUARY 29, 2014, AT NOON** to file a notice that he

2  wishes to preserve his attorney-client privilege by abandoning his ineffective assistance of

3  counsel claim.  If he does not so file, his attorney-client privilege will be deemed waived as to all

4  matters raised in his Section 2255 motion.  If petitioner decides not to abandon his claim, the

5  government may have until **MARCH 6, 2014, AT NOON** to file an opposition to defendant's

6  Section 2255 motion, including a declaration by former counsel.

7

8     **IT IS SO ORDERED.**

9

10  Dated:  January 13, 2014.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2